UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOWARD P. KNIGHT                                           CIVIL ACTION

VERSUS                                                      NO. 07-1276

BRUCE BENNET ET AL.                                         SECTION "I" (2)

### REPORT AND RECOMMENDATION

Plaintiff, Howard P. Knight, is a prisoner currently incarcerated in the Tangipahoa Parish Jail in Amite, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Tangipahoa Parish 21st Judicial District Court Judge Bruce C. Bennett, Tangipahoa Parish Assistant District Attorney Jeff Johnson and the State of Louisiana alleging that his bond was improperly revoked and he was placed in jail without probable cause.

Specifically, plaintiff states in his complaint that "[o]n Feb. 14, 2006, I went to court in Amite. I had no proable (sic) cause on all of my charges. But Jeff Johnson told Bruce Bennett to revoke my bond. I was in jail about 3 weeks before Bruce Bennett was told about the mistake. When I went back to court, Bruce Bennett said it was a mistake."

The only remedy plaintiff seeks is monetary damages in the amount of $20,000. Record Doc. No. 1, Complaint at ¶¶ IV and V.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners, including when they are proceeding in forma pauperis, must be dismissed upon review if they are frivolous or fail to state a claim or, significantly in this case, if the complaint "seeks monetary relief from [or against] a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2)(emphasis added).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because the sole relief sought is monetary compensation from three defendants, all of whom are immune from such relief for the following reasons.

II.  SECTION 1983 CLAIMS

A.  JUDICIAL IMMUNITY

Plaintiff's claims against Judge Bennett are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction.  Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing

Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

The sole remedy sought against Judge Bennett in this case is monetary damages. However, all of plaintiff's claims against Judge Bennett arise from actions within the scope of the judge's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Knight's suit for damages against Judge Bennett. For this reason, Knight's claims against Judge Bennett must be dismissed as required by 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

B.     PROSECUTORIAL IMMUNITY

Tangipahoa Parish Assistant District Attorney Johnson has been named as defendant in this case based solely upon his actions as prosecutor in connection with state court criminal proceedings brought against Knight. However, the assistant district attorney is immune from suit for damages in this instance.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995). It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994). This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process." Id.; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal

process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (quotations omitted) (citing Stump, 435 U.S. at 356-57; Butz v. Economou, 438 U.S. 478, 510 (1978)).

The only remedy Knight seeks in this case is monetary damages. However, plaintiff's claims against Assistant District Attorney Johnson must be dismissed because the doctrine of prosecutorial immunity bars such claims against him. 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

C.  ELEVENTH AMENDMENT IMMUNITY

Plaintiff also asserts a Section 1983 claim against the State of Louisiana. However, the State of Louisiana is generally immune from suit for damages in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Richardson v. Southern Univ., 118 F.3d 450, 452 (5th Cir. 1997).

The State of Louisiana has not generally waived its immunity or consented to the exercise of federal judicial power in civil actions against it.  La. Rev. Stat. Ann. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

No such waiver has occurred in this case, in which the sole remedy sought is monetary damages. Therefore, Knight's claims against the State of Louisiana are subject to dismissal as required by 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because the sole remedy sought is monetary damages and all named defendants are immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __30th__ day of March, 2007.

                                JOSEPH C. WILKINSON, JR.
                             UNITED STATES MAGISTRATE JUDGE